■  In the Matter of CARMEN ESCOBALES et al., Petitioners, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review two determinations of respondent, both dated November 17, 1969, which respectively (1) canceled petitioners' beer license for off-premises consumption and (2) recalled petitioners' renewed license and disapproved petitioners' application for the renewed license. Determinations annulled, on the law, and respondent directed to reinstate petitioners' license and approve the application for renewal, without costs. In our opinion under the circumstances present in this proceeding, the fact that colicensee and copetitioner Carmen Escobales was arrested for gambling and possession of a loaded gun does not constitute substantial evidence warranting the revocation of petitioners' beer license; although the "gambling evidence" (consisting of obsolete lottery tickets) and the gun were found in a back room of the licensed premises, no proof was adduced that such contraband had ever been in the custody or dominion of either petitioner (cf. Matter of Di Maso v. New York State Liq. Auth., 28 A D 2d 1142; Matter of 205 Linden Rest. Corp. v. New York State Liq. Auth., 29 A D 2d 890). Before the incidents complained of, petitioners, husband and wife, had been operating their grocery store on the subject licensed premises for over two years and had possessed a beer license during that period. They had never previously been charged with a crime or violation of the Alcoholic Beverage Control Law. The record demonstrates that colicensee Carmen Escobales fully co-operated with the police during the search of the licensed premises and made no effort to conceal any alleged contraband. From these and other circumstances present herein we are constrained to hold that the fact that colicensee Carmen Escobales was arrested for possession of obsolete lottery tickets and illegal possession of a loaded gun, both of which charges were dismissed on motion of the District Attorney, without a hearing, does not constitute a rational or sufficient basis for denying petitioners' renewal application (cf. Matter of Baird v. State Liq. Auth., 277 App. Div. 60; Matter of Valdes v. State Liq. Auth., 55 Misc 2d 421). Christ, P. J., Hopkins, Munder, Latham and Benjamin, JJ., concur.